J. R. GREEN v. BEAR BROS. & HIRSCH ET AL.

(No. 1174.)

LANDLORD'S LIEN.— Statute construed; injunction.

APPEAL from McLennan county.   Opinion by WATTS, J.

STATEMENT.— Marx & Kempner and Focke & Wilkins had instituted suits in the district court of Galveston county against Bear Bros. & Hirsch, residents of McLennan county, and caused writs of attachment to issue to McLennan county, by which the property in question had been seized, after which Root & Dow and Milly & Porter instituted suits against the same defendants, and also obtained attachments which were levied upon the property.   After which, on October 30, 1880, appellant applied to a justice of the peace of McLennan county for a distress warrant against Bear Bros. & Hirsch, on a claim for rent for $3,262, of which $116.50 was then due, and it was claimed was to become due. This distress warrant was issued and levied upon the property in controversy and returned into the district court of McLennan county.

Appellant, on the first day of the next term of said district court, November 1st, filed his petition, setting out his cause of action, and on the 3d day of November, 1880, filed, under leave, his first amended original petition, in which he sets out the written contract of lease between plaintiff and defendants, Bear Bros. & Hirsch, which was executed and delivered December 16, 1879, being a lease of a certain store-house, in said lease described, for a term of three years from January 1, 1880, for which said lessees were to pay rent monthly at the rate of $116.50 per month, first instalment on the 1st day of February after, and the same amount to be paid on the 1st of each succeeding month, with the usual covenants to pay rent and to surrender at the end of the term and not to alter premises without consent.

Plaintiff alleged the issuance and levy of said distress warrant, but that said levy was not sufficient to satisfy his demand, because Marx & Kempner and others mentioned had levied writs of attachment on the property of Bear Bros. & Hirsch, and claiming that plaintiff's landlord lien is superior to said attachment liens, and that he fears said attaching parties will waste said property, etc. Plaintiff asks that said attaching plaintiffs be made parties defendant and enjoined from the further prosecution of said attachments upon said property until the final adjudication of plaintiff's lien; asked that said lien be declared superior to said attachment liens, and that a writ of sequestration issue to seize said property on said premises not levied upon by said distress warrant, a list of which is given, and that the same be subjected to plaintiff's lien. Plaintiff alleges his debt past due and prays for judgment, and that said property be condemned and sold, that a receiver be appointed to appropriate the proceeds of said property to the payment of his debt as it becomes due, etc.

Writs of injunction and sequestration were accordingly issued and returned into district court of McLennan county. On May 10, Bear Bros. & Hirsch, defendants, filed a general denial. The other attaching defendants also filed a general demurrer and special answer, and also a motion to dissolve the injunction because of insufficiency of petition and want of jurisdiction. On the 29th of June, 1881, came on to be heard the motions to dissolve the injunction and their demurrers, and it was adjudged that the injunction be dissolved, that the demurrers to the amended original petition of plaintiff be sustained, and that said petition be dismissed and plaintiff take nothing, and defendant go hence and recover costs, etc., from which judgment plaintiff appealed.

OPINION.— In disposing of this appeal it becomes necessary to construe that section of our statute giving to landlords a lien on the property of the tenant for rents due and

to become due, for any residence or store-house or other buildings, in conjunction with the contract of lease upon which the appellant predicates his rights. See art. 3122, R. S.

The point presented by appellant and urged as ground for reversal is this: That under the provisions of this contract of lease, and by virtue of the above article, he had a preference lien upon all the property of the tenant in the rented house for the payment of the rent due, accruing and to become due under contract. We do not so construe the statute. Such a construction would apply to a lease of fifty years as well as three years. As to writs of injunction, see R. S., art. 2880. We are of the opinion that the court did not err in quashing the writ of sequestration and in dissolving the writ of injunction, and, as the court had no jurisdiction of appellant's claim, it correctly sustained the demurrer and dismissed the petition.

JUDGMENT AFFIRMED.